Filed 6/11/26  P. v. Peters CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

| | |
|---|---|
| THE PEOPLE,<br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>MICHAEL JOHN PETERS,<br>　　　Defendant and Appellant. | C101732<br><br>(Super. Ct. No. CRF00-0007282) |

Defendant Michael John Peters appeals following the trial court's denial of his petition seeking resentencing under Penal Code section 1172.6 (statutory section citations that follow are to the Penal Code).  Defendant contends the trial court erred because the record of his conviction does not establish his ineligibility for resentencing as a matter of law.  The People agree.  We agree with the parties and will reverse this matter and remand for further proceedings.

FACTS AND HISTORY OF THE PROCEEDINGS

In 2000, the People charged defendant with murder and attempted murder, among other charges, without limiting the theories by which they could prove those offenses.  In 2001, defendant pleaded guilty to first degree murder, attempted first degree murder, and two counts of assault with a firearm.  Defendant admitted personally using a firearm under section 12022.53, subdivision (b) in the commission of the murder and the attempted murder and admitted personally inflicting great bodily injury under section

1

12022.7 in the commission of the attempted murder. The transcript of the plea hearing no longer exists, and the minute order does not indicate that defendant admitted any other specific facts about how he committed the murder or the attempted murder. The trial court sentenced defendant to a stipulated term of 28 years in prison for the assault counts and the enhancements, plus life in prison for attempted murder, plus 25 years to life in prison for murder.

In 2023, defendant filed a petition for resentencing under section 1172.6. The petition alleged: "1. A complaint, information, or indictment was filed against me that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine. . . . 2. I was convicted of murder, attempted murder, or manslaughter following a trial or I accepted a plea offer in lieu of a trial at which I could have been convicted of murder or attempted murder. . . . 3. I could not presently be convicted of murder or attempted murder because of the changes made to Penal Code §§ 188 and 189, effective January 1, 2019."

The trial court appointed counsel for defendant and set a hearing. After several continuances, the parties agreed to submit the matter on the record of conviction, without argument or briefing.

The trial court then issued an order denying defendant's petition. The court noted: "The record of conviction reveals that there were no co-participants in the crimes for which [defendant] plead[ed] guilty. Nowhere in any record of conviction other than the [i]nformation itself is it found or admitted that [defendant] was convicted under a natural and probable consequences, that is a felony murder, theory of culpability." Accordingly, the court reasoned that defendant "was the sole actor in the murder. He admitted by plea that he personally used a firearm in committing murder, as well as the attempted murder. Also, as to the attempted murder, he admitted that he personally caused great bodily

2

injury to the victim. It is clear from the record of conviction that [defendant] was the actual killer, and, therefore, the relief provided under section 1172.6 is not available to him."

Defendant filed a timely notice appealing the denial of his petition. After some delays in the trial court's preparation of the record, defendant asked this court to augment the record, and we granted his request. In addition to filing an augmented record, the trial court clerk reported that the reporter's notes from the plea hearing and the sentencing hearing had been destroyed in accordance with state law. Defendant moved this court to settle the record, and we again granted the motion, ordering the trial court to "conduct such proceedings as necessary to create a transcript of the plea and sentence, identify what was reviewed and considered as part of the record on conviction, and prepare a settled statement."

In response to our order, the trial court held a hearing, and explained that its prior ruling had relied upon the abstract of judgment, which, according to the court, indicated that "not only was [defendant] a substantial participant, but [he] was the actual killer in the case, causing him to fall outside of the statute." The court described the enhancement pursuant to section 12022.53, subdivision (b) as "personal use of a firearm causing death or great bodily injury. That enhancement requires that the actual person shooting the gun or using the gun, that's the only person who can be convicted of that. It does not attach to accomplice liability or liability under the natural and probable consequences theory." The court also described the great bodily injury enhancement pursuant to section 12022.7 as "indicating he was not convicted under natural and probable consequences." The court noted that the sentencing minute order and the written plea form indicated the same information. Finally, the court noted that defendant was the only person charged by the information.

Defendant contends on appeal that this record of conviction does not preclude section 1172.6 relief as a matter of law. The People agree.

3

We reverse the trial court's order and remand the matter to the trial court for further proceedings as set forth in the Disposition.

DISCUSSION

*I*

*Applicable Law*

Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) "altered the substantive law of murder in two areas.  First, with certain exceptions, it narrowed the application of the felony-murder rule by adding section 189, subdivision (e) to the Penal Code.  [Citation.]  Under that provision, 'A participant in the perpetration or attempted perpetration of a [specified felony] in which a death occurs is liable for murder only if one of the following is proven:  [¶]  (1) The person was the actual killer.  [¶]  (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶]  (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2.'  (§ 189, subd. (e).)" (*People v. Curiel* (2023)15 Cal.5th 433, 448 (*Curiel*).)

"Second, Senate Bill 1437 imposed a new requirement that, except in cases of felony murder, 'a principal in a crime shall act with malice aforethought' to be convicted of murder.  (§ 188, subd. (a)(3). . . .  One effect of this requirement was to eliminate liability for murder as an aider and abettor under the natural and probable consequences doctrine," which makes an accomplice guilty " 'not only of the offense he or she directly aided or abetted (i.e., the target offense), but also of any other offense committed by the direct perpetrator that was the "natural and probable consequence" of the crime the accomplice aided and abetted (i.e., the nontarget offense). . . .' "  "Thus, under prior law, a defendant who aided and abetted an intended assault could be liable for murder, if the

4

murder was the natural and probable consequence of the intended assault." (*Curiel*, *supra*, 15 Cal.5th at p. 449.)

Senate Bill 1437 also added a procedure, now codified in section 1172.6, to permit individuals convicted of murder under prior law to ask the trial court to vacate their conviction and resentence them. (Stats. 2018, ch. 1015, § 4; *People v. Das* (2023) 96 Cal.App.5th 954, 959.) As relevant here, the statute provides that a person convicted of felony murder may file a petition to have his or her conviction vacated when: (1) the charges filed against the person allowed the prosecution to proceed on a theory of felony murder; (2) the person was convicted of murder after trial or accepted a guilty plea in lieu of a trial at which he or she could have been convicted of murder; and (3) the person could not presently be convicted of murder because of changes to section 189 made effective January 1, 2019. (§ 1172.6, subd. (a)(1)-(3).)

After briefing on a defendant's petition, the trial court must hold a hearing and determine whether the petitioner has made out a prima facie case for relief. (§ 1172.6, subd. (c).) If the petition and record "establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*People v. Strong* (2022) 13 Cal.5th 698, 708.) If instead the petition shows a prima facie entitlement to relief, the court must issue an order to show cause and hold an evidentiary hearing at which the prosecution bears the burden of proving, beyond a reasonable doubt, that the petitioning defendant is guilty under a still-valid theory of murder. (*Ibid.*; § 1172.6, subds. (c), (d)(1) & (3).) If the prosecution fails to carry its burden, the challenged conviction and any accompanying allegations or enhancements must be vacated and the petitioner resentenced on any remaining charges. (§ 1172.6, subd. (d)(3).)

A trial court's inquiry into whether a petitioner has stated a prima facie case for relief is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) "At the prima facie stage, a court must accept as true a petitioner's allegation that he or she could not currently be convicted of a homicide offense because of changes to section 188 or 189

made effective January 1, 2019, unless the allegation is refuted by the record. [Citation.] And this allegation is not refuted by the record unless the record conclusively establishes every element of the offense." (*Curiel*, *supra*, 15 Cal.5th at p. 463.) We review de novo a trial court's decision to deny a section 1172.6 petition at the prima facie stage. (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)

## II

### *Remand*

The trial court held that defendant was not eligible for relief because the record of conviction established that: (1) he was the actual killer of the murder victim and (2) he was not convicted of attempted murder based on the natural and probable consequences doctrine. Because the record does not establish either of these grounds as a matter of law or any other basis for finding defendant ineligible at the prima facie stage, we agree with the parties that we must reverse the court's order.

First, with respect to the murder conviction, the trial court misstated the firearm use enhancement defendant admitted. Section 12022.53, subdivision (b) does not require "personal use of a firearm causing death or great bodily injury," as the court stated. Rather, the enhancement only requires that the defendant "personally uses a firearm" in the commission of a felony. (§ 12022.53, subd. (b).) Our Supreme Court has held that the similar enhancement for personal use of a firearm in section 12022.5 does "not in itself prove [a] defendant was the actual killer." (*People v. Jones* (2003) 30 Cal.4th 1084, 1120.) The *Jones* court explained: "If two robbers display guns to intimidate robbery victims and one shoots and kills a victim, both robbers could be found to have personally used a gun in the robbery and the felony murder, even though only one is the actual killer." (*Ibid.*) Section 12022.53, subdivision (b) makes this even more clear by providing that "[t]he firearm need not be operable or loaded for this enhancement to

6

apply." (§ 12022.53, subd. (b).) Accordingly, defendant's admission to this enhancement cannot establish conclusively that he actually killed the murder victim.

Nor does the remainder of the record of conviction establish every element of murder under a still-valid theory of murder. The generic murder charge in the information did not limit the People to prosecuting defendant under any particular theory of murder because "neither felony murder nor murder under the natural and probable consequences doctrine need be separately pleaded." (*People v. Rivera* (2021) 62 Cal.App.5th 217, 233, review granted June 9, 2021, S268405.) And defendant's plea by itself establishes only that "a murder with malice was committed and that [he] committed an act with the necessary intent to render him liable for that murder under then-existing law." (*People v. Eynon* (2021) 68 Cal.App.5th 967, 977.) As the People note, the record contains no preliminary hearing transcript or plea hearing transcript from which we can discern any further information about the basis for defendant's plea. (Cf. *People v. Patton* (2025) 17 Cal.5th 549, 564 ["unchallenged, relief-foreclosing facts within a preliminary hearing transcript [may] refute conclusory, checkbox allegations" at prima facie stage]; *People v. Ramos* (2024) 103 Cal.App.5th 460, 463, 466 [defendant admitted during plea hearing that he "aided/abetted, with the specific intent to kill, the attempt to kill" the victim]; *People v. Fisher* (2023) 95 Cal.App.5th 1022, 1025, 1030 [defendant admitted during plea hearing that he "shot and killed" both murder victims and "shot and injured" attempted murder victim].) Because nothing in the record conclusively establishes that defendant was convicted under a still-valid theory of murder and not an invalid theory of felony murder or imputed liability murder, his petition states a prima facie case for relief for that conviction.

Second, with respect to the attempted murder conviction, the trial court again misstated the law by asserting that the section 12022.7 great bodily injury enhancement defendant admitted indicated that "he was not convicted under [the] natural and probable consequences" doctrine. Attempted murder requires a specific intent to kill, except,

7

under former law, when the natural and probable consequences doctrine applies. (*People v. Gonzalez* (2012) 54 Cal.4th 643, 653.) Thus, to establish that defendant was not convicted under the natural and probable consequences doctrine, the record of conviction must conclusively establish that defendant had the intent to kill the victim of the attempted murder.

Defendant's admission that he "personally inflict[ed] great bodily injury . . . in the commission of a felony" under section 12022.7 does not establish a specific intent to kill. As noted above, "under prior law, a defendant who aided and abetted an intended assault could be liable for murder, if the murder was the natural and probable consequence of the intended assault." (*Curiel*, *supra*, 15 Cal.5th at p. 449.) This means that defendant could have admitted "personally inflict[ing] great bodily injury . . . in the commission of a felony" under section 12022.7, while only intending to commit an assault. The enhancement does not require, and therefore cannot establish, that that defendant personally intended to kill the victim.

Nor does defendant's plea to attempted murder necessarily establish that he had the intent to kill. (See *People v. Montes* (2021) 71 Cal.App.5th 1001, 1007 [because jury was instructed on natural and probable consequences doctrine, guilty verdict for attempted murder does not necessarily establish intent to kill].) Because nobody preserved a transcript of the preliminary hearing or the plea hearing and the court ordered the reporter's notes destroyed in accordance with Government Code section 69955, subdivision (e), the record lacks any information on whether another perpetrator was involved. The law does not require the People to charge alleged perpetrators of the same offense in the same accusatory pleading (see §§ 954, 970, 1098), so the information listing defendant alone does not necessarily establish the absence of another perpetrator. Without any additional factual information in the record of conviction, we cannot conclusively rule out the possibility that defendant pleaded guilty to attempted murder under the natural and probable consequences doctrine based on the imputed intent of

8

another.  This means defendant's petition has established a prima facie case for relief for the attempted murder conviction as well.

DISPOSITION

The order denying defendant's section 1172.6 petition is reversed.  The matter is remanded for the trial court to issue an order to show cause pursuant to section 1172.6, subdivision (c) and for further proceedings under the statute.


/s/
HULL, J.

We concur:


/s/
EARL, P. J.


/s/
MESIWALA, J.

9